### AKIN & AL. vs. BEDFORD & AL.

APPEAL from the court ot the first district.

If an agent who is directed to remit in a bill, sends one which is not purchased by him, but which is received by him in payment of a sale of his own property, he is liable in case the bill is not paid.

MARTIN, J. delivered the opinion of the court. The defendants are sued for the net proceeds of fifty hogsheads of tobacco, sold by them for the plaintiffs, and resist the claim on an allegation that they remitted a draft for these proceeds according to the plaintiff's directions. The latter had judgment; and the former appealed. The facts of the case are as follows :—

The defendants sold to Minturn, one hundred and forty hogsheads of tobacco at 7 cents, telling him he could sell them to Fiske at 8 cents for a bill—and if he disliked the bargain,

they would take it off his hands. He was accordingly debited by merchandise on the defendants' books for the value of the tobacco, at 7 cents ; and afterwards having expressed a wish to relinquish his bargain, he was accordingly credited. The defendants afterwards sold the plaintiffs, fifty hogsheads of tobacco to Kilpatrick, at 6½ and 7½, and remitted to them a bill which he had received from Fiske, in part payment of a larger quantity of tobacco he had sold him at 8 cents. The bill was protested for non-acceptance and non-payment, and due notice given to the defendants.

Fiske appears to be a man of no property. Parsons, on whom he drew, is wealthy ; and the record shews that Fiske, at times, acted as his agent in several transactions, and his bills were honoured.

Notwithstanding this, we think the district court did not err in giving judgment against the defendants.

They sold the plaintiffs' tobacco at 7 cents. and afterwards cancelled the sale, and took the tobacco, on their own account; and transmitted a bill, part the proceeds of another sale of tobacco at 8 cents, to Fiske, payable in his bills;

and procured one for the net proceeds of the sale of the fifty hogsheads at 7 cents, drawn to the order of the plaintiffs. For the fate of this bill, they are undoubtedly liable.

He who remits a bill, his own property, must abide the consequences. If Titius directs Caius to remit the balance of his account, and this be done by Antonio's bill payable to Caius, *supra protest*, and Antonio fail, by whom will the loss be borne? If Caius, in taking the bill, did not act as Titius' agent, as if he possessed the bill, or acquired it before he received the order—or if, having taken it after the order, it appears he acquired it for himself, as *e. g.* if he remitted it at a different rate of exchange, by which he gained something, the sale of the bill is at his risk; for he is considered as a drawer. *Casaregis*, 62, 63. p. 59, 50.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Eustis* for the plaintiffs, *M'Caleb* for the defendants.